UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent,<br><br>　　v.<br><br>ALJEANDRO ORTIZ-SALAS,<br><br>　　　　Movant. | No. 2:15-cr-0026 GEB KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant filed two motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but relies on Amendment 782 to the Sentencing Guidelines. (ECF Nos. 52, 54.) As argued by respondent, movant's motions are more properly brought as motions for sentence reduction under 18 U.S.C. § 3582. Therefore, the undersigned recommends that the motions be construed as motions to reduce sentence under 18 U.S.C. § 3582. As discussed below, the undersigned recommends that the motions be denied.

II. Background

On February 5, 2016, movant pled guilty to Count Three of the Indictment pursuant to a written plea agreement. (ECF No. 43.) Count Three charged movant with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 43 at 1.) After movant's guilty plea, the probation officer prepared a Presentence Investigation Report ("PSR"). In the

1

guideline scoring section of the PSR, the probation officer found a base offense level of 30 because the offense involved 109.7 grams of methamphetamine (actual). PSR ¶ 21. The probation officer recommended a three-level reduction for acceptance of responsibility resulting in a total offense level of 27. PSR ¶ 30. With a criminal history category I, the resulting advisory guideline range was 70 to 87 months in prison. PSR ¶ 76.

The district court held a sentencing hearing on June 24, 2016. (ECF No. 49.) At sentencing, the district court found movant qualified for a minor role and ruled that the correct offense level was 23 (after also granting an additional three-level reduction for acceptance of responsibility). (ECF No. 51 at 1.) The district court calculated the guideline as 23, criminal history category I, with a resulting guideline range of 46 to 57 months in prison. (ECF No. 51 at 1.) The district court imposed a low-end sentence of 46 months in prison. (ECF No. 51 at 2.)

III. Standards

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. Dillon v. United States, 560 U.S. 817, 821 (2010); United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009). But Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a [movant] who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013). In such circumstances, a two-step analysis applies. Dillon, 560 U.S. at 827. First, the court must determine "the amended guideline range that would have been applicable to the [movant] if the relevant amendment had been in effect at the time of the initial sentencing." Id. If the movant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted. Id. However, the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission." See generally U.S.S.G. § 1B1.10.

////

////

IV. Discussion

Here, movant pled guilty to distribution of a mixture and substance containing detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), specifically, 109.7 grams of methamphetamine (actual). PSR ¶ 21. Under the post-Amendment 782 Guidelines, movant's base offense level remains at 30, the same as the probation officer recommended at sentencing. U.S.S.G. § 2D1.1(c)(5) (base offense level 30 established for crimes involving 50 to 150 grams of methamphetamine (actual)). Therefore, after a two-level decrease for minor role and a three-level decrease for acceptance of responsibility, movant's total offense level of 23 remains unchanged. (ECF No. 51 at 1.) Movant's guideline range remains 46 to 57 months in prison. Because movant's guideline range remains unchanged even after application of Amendment 782, movant is not eligible for further reduction in his sentence. "A sentence reduction is not consistent with U.S.S.G. § 1B1.10 if '[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range.'" Leniear, 574 F.3d at 674. Therefore, movant's motions should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 52, 54) be construed as motions to reduce sentence under 18 U.S.C. § 3582;

2. The motions to reduce sentence under 18 U.S.C. § 3582 (ECF Nos. 52, 54) should be denied; and

3. The Clerk of the Court be directed to close the companion civil case No. 16-2165 GEB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/orti0026.257.3582